**Wayne Christian HAWKES, Plaintiff-Appellant,**

v.

**Marta D. VAN LOAN; United States of America, Defendants-Appellees.**

No. 14-17300

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed January 26, 2017

Wayne Christian Hawkes, Pro Se

Michael Thomas Pyle, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, San Jose, CA, for Defendants-Appellees

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM ***

Wayne Christian Hawkes appeals pro se from the district court's judgment dismissing his action alleging that a fellow employee of the United States Department of Agriculture slandered him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) and a denial of a challenge to certification. *McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir. 2001). We affirm.

The district court properly denied Hawkes's motion to strike the 28 U.S.C. § 2679(d) certification because Van Loan was acting within the scope of her employment at the time the alleged slander and libel claims arose. *See id.* at 912. Thus, the district court properly dismissed Hawkes's action for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2680(h).

The district court did not abuse its discretion in denying Hawkes's motion for leave to file an amended complaint alleging a *Bivens* claim because the allegations in Hawkes's proposed complaint failed to state any federal claim. *See Siegert v. Gilley*, 500 U.S. 226, 234, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (explaining that whenever the alleged "damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a *Bivens* action"); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend not required "where the amended complaint would also be subject to dismissal"); *Chodos v. West. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review).

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Hawkes's request for judicial notice, filed on March 31, 2015, is denied.

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.